IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>EDWIN BRANT FROST IV | Criminal Action No.<br>3:26-CR-0008-LMM |

**<u>United States' Response to Defendant's Motion to Continue the Sentencing Hearing</u>**

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Angela Adams, Assistant United States Attorney for the Northern District of Georgia, files this Response to Defendant's Motion to Continue the Sentencing Hearing currently set for October 26, 2026. The United States opposes the Defendant's belated motion for a continuance because the law does not support delaying sentencing merely to take advantage of proposed amendments to the U.S. Sentencing Guidelines ("Guidelines") and because such a delay could impose an unnecessary hardship on victims.

While courts have broad discretion to grant continuances to promote efficient case management, several courts have found that a defendant should not be granted a continuance simply to take advantage of a proposed Guidelines amendment, as the Defendant now urges the Court to do. *See United States v. Garcia,* 999 F.2d 545 (9th Cir. 1993) (holding that "the opportunity for a better sentence under a new Amendment to the Guidelines is not a legitimate reason to request a continuance" and "[g]ranting a continuance on this basis would greatly inconvenience a district court's ability to impose sentence as defendants would

repeatedly seek continuances and cause delays upon learning of Amendments to the Guidelines that may benefit the defendant but are yet to take effect."); *United States v. Tanner,* 544 F.3d 793, 796–97 (7th Cir. 2008) (upholding a sentencing court's refusal to delay sentencing because of a then-upcoming Guideline amendment and noting, "[i]t is improper for a judge to grant (or deny) a continuance for the very purpose of changing the substantive law applicable to the case") (Posner, J.); *United States v. Gonzalez-Lerma,* 71 F.3d 1537, 1542 (10th Cir. 1995), *overruled on other grounds in United States v. Flowers,* 464 F.3d 1127, 1130 n. 1 (10th Cir. 2006) (noting that granting a continuance so that a defendant could take advantage of a foreseeable change in the law could "creat[e] an ominous situation in which every attorney whose client faces sentencing would attempt to delay sentencing each time lawmakers debate a new statute or amendment. This is an outcome that we cannot allow"); *see also Henry v. United States*, No. 1:14-CR-98-WSD-JSA-1, 2017 WL 9934987, at *10 (N.D. Ga. Feb. 9, 2017), *report and recommendation adopted,* No. 1:14-CR-98-1-TWT, 2018 WL 3586838 (N.D. Ga. July 26, 2018). Therefore, a continuance based solely on the proposed Guidelines amendments should not be granted.

Moreover, a continuance will likely cause unnecessary hardship for victims who plan to attend the sentencing. There are over 300 individuals and entities identified as victims here. Since the Information was filed, several victims have contacted or visited the U.S. Attorney's Office to discuss this matter and, more recently, to confirm the October 26 sentencing date and the logistics for attending. For example, the Court may recall the August 2026 voicemail—

forwarded by chambers to the parties—regarding a 95-year-old victim who wanted to address the Court. As recently as Friday, October 9, 2026, that same victim contacted our office to reconfirm that the sentencing date remained unchanged and explained that he has been making plans to attend on October 26, 2026. And, approximately two weeks ago, an elderly couple—one of whom suffers from dementia—unexpectedly traveled to the U.S. Attorney's Office to hand-deliver their victim impact statements and to obtain logistical information for the October 26 proceeding. While the United States cannot predict exactly how many victims plan to or will attend the sentencing, the United States Attorney's Office has received approximately 80 victim impact statements, which evidences the victims' motivation to see the matter brought to finality. The emotional and logistical burden of rescheduling just days before the hearing—particularly for elderly victims—will be substantial. At best, a continuance could inconvenience victims who have made plans to attend; at worst, it could prevent certain victims, such as the 95-year-old referenced above, from attending altogether.[1]

Notably, the United States' sentencing recommendation—set forth in the parties' negotiated plea agreement—is not tied to the Guidelines (*i.e.*, it does not recommend a low-end, middle, or high-end of the Guidelines term of

---

[1] Because of his advanced age, the 95-year-old victim has already recorded his statement in the event he does not survive until the October 26, 2026 sentencing. Any additional delay would substantially increase the risk that he will be deprived of his chance to address the Court in person, as he clearly wishes to do.

imprisonment). The United States appreciates that the amendments to the Guidelines are expected to take effect on November 1, 2026, and that these amendments could reduce the applicable advisory Guidelines range in this case. But, unlike many cases where the United States' recommended sentence is tied to the Guidelines range, here, the United States has agreed to recommend a specific sentence of 168 months of imprisonment regardless of whether the Guidelines amendments are implemented. *See* (Doc. 12-1). That is because, when considering all of the 18 U.S.C. § 3553(a) factors, the recommended sentence of 168 months of imprisonment is fair and just. Because the United States' position would remain the same under any applicable Guidelines calculation, the proposed November 1, 2026 amendments to the Guidelines do not necessitate a delay.

In addition to the Guidelines amendments, the Defendant stated that he needed additional time to obtain information from the Receiver[2] to determine restitution. After a recent joint discussion with the defense counsel and the Receiver, the United States is optimistic that any remaining good-faith restitution issues, if any exist, can be resolved prior to the currently scheduled sentencing. On the off chance that a restitution issue persists, it can be addressed at a later restitution hearing. *See* 18 U.S.C. § 3663A, 3664.

Finally, the undersigned is scheduled to begin a trial in Gainesville on November 9, 2026.

[2] A Receiver has been appointed in the related SEC civil enforcement case, styled *SEC v. Edwin Brant Frost IV, et al.*, 1:25-cv-03826-MLB (N.D Ga.).

Under these specific circumstances, the Defendant's request for a continuance should be denied. This is especially true when considering that the sentencing hearing was set almost four months ago, on June 26, 2026 (Doc. 15), and nothing the Defendant has raised as grounds for a continuance is new or unexpected. The proposed amendments were made public in April 2026 and restitution was always an issue to be discussed in this case.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's motion and proceed with sentencing on October 26, 2026, as scheduled.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/ANGELA ADAMS
*Assistant United States Attorney*
Georgia Bar No. 613114
Angela.Adams@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Counsel for Defendant

October 16, 2026

/s/ Angela Adams
Angela Adams
*Assistant United States Attorney*